Filed 4/9/25  P. v. James CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>CHRISTOPHER MICHAEL JAMES,<br><br>　　　Defendant and Appellant. | F088538<br><br>(Super. Ct. Nos. F22901194,<br>F24903515)<br><br><br>**OPINION** |

-ooOoo-

<u>**THE COURT**</u>*

APPEAL from a judgment of the Superior Court of  County.  Mark E. Cullers, Judge.

Vicki Hightower, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

*　　　Before Hill, P. J., Franson, J. and DeSantos, J.

**INTRODUCTION**

Appellant and defendant Christopher Michael James (appellant) had three prior convictions for driving under the influence (DUI).  In 2022, while he was on probation, he committed another offense and pleaded no contest to driving with a blood-alcohol level of 0.08 percent causing injury (Veh. Code,[1] § 23153, subd. (b)), and was again placed on probation.  In 2024, while still on probation, he committed another offense and probation was revoked.  He pleaded no contest to driving with a blood-alcohol level of 0.08 percent or higher (§ 23152, subd. (b)), and was sentenced to two concurrent terms of two years in state prison for both cases.

On appeal, appellate counsel filed a brief that summarized the facts with citations to the record, raised no issues, and asked this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.)  Appellant did not file a supplemental brief on his own behalf.  We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

**Case No. F22901194**

On January 16, 2022, appellant was responsible for a traffic collision that involved injury to another person.  When officers arrived at the scene, appellant was seated halfway in the passenger seat of his car.  Appellant had red, watery eyes, slurred speech, and the strong smell of alcohol.  Appellant denied consuming any alcohol and refused a preliminary breath test.  Appellant was advised that he could not refuse because he was on probation.  Appellant ultimately agreed to a blood test, but then refused to submit.  He eventually gave a breath test, which resulted in blood-alcohol levels of 0.27 percent and 0.26 percent.[2]

---

[1]     All further statutory citations are to the Vehicle Code.

[2]     The facts in case No. F22901194 were recited by the prosecutor at appellant's sentencing hearing on August 21, 2024.

On February 17, 2022, a felony complaint was filed in the Superior Court of Fresno County charging appellant with count 1, driving with a blood-alcohol level of 0.08 percent causing injury (§ 23153, subd. (b)); count 2, driving under the influence causing injury (§ 23153, subd. (a)); count 3, misdemeanor driving while his license was suspended and causing injury (§ 14601.4); and count 4, the infraction of being a probationer driving with 0.01 percent blood-alcohol level or higher (§ 23154, subd. (a)).

As to counts 1 and 2, it was alleged appellant had two or more prior DUI convictions within 10 years (§ 23566, subd. (a)), based on an offense in 2014, and two offenses in 2017; and that appellant had a blood-alcohol content of 0.15 percent or higher (§ 23578). There were three aggravating factors alleged. (Cal. Rules of Court, rule 4.421(a) & (b).)

### *Plea*

On May 20, 2022, appellant pleaded no contest to count 1, driving with a blood-alcohol level of 0.08 percent causing injury (§ 23153, subd. (b)), admitted the enhancement that he had a blood-alcohol content of 0.15 percent or higher (§ 23578), and stipulated that his blood-alcohol level was 0.26 percent. The other charges and allegations were dismissed.

Appellant signed a felony advisement, waiver of rights, and plea form, and initialed the following paragraph: "**If you continue to drive while under the influence of alcohol or drugs, or both, and, as a result of that driving, someone is killed, you can be charged with murder**. I understand the Court's warning that I can be charged with murder if I kill someone while driving under the influence of alcohol or drugs, or both."

After taking his plea, the trial court reiterated to appellant the notification on the form "that I want to make sure that you fully understood. It states that driving under the influence is an extraordinarily dangerous thing to do. If you choose to engage in that conduct in the future and someone dies as a result, do you understand you could—and to

3.

be blunt—with this history almost certainly would be charged with murder?" Appellant said yes.

### *Probation*

On July 5, 2022, the trial court conducted the sentencing hearing. Appellant apologized for his conduct, stated he was enrolled in an intensive outpatient program, was working full time, and had made great progress.

The trial court advised appellant that it was going to follow through with the indicated disposition and take the risk to place him on probation. The court was concerned about his history of DUIs and admonished him that "if you don't make those changes permanent, if this isn't an actual change in life going forward[,] the only option left is prison."

The trial court suspended sentence for three years and placed appellant on formal probation subject to certain terms and conditions, including serving 180 days in jail, not to drive a vehicle without a valid license or valid insurance, not to drive with any measurable amount of alcohol in his system, to install an ignition lock for three years, attend and complete a DUI program, only leave the house for work and medical appointments, and contact the probation department about an electronic monitor.

The trial court again admonished appellant that "[d]riving under the influence is an extraordinarily dangerous thing to do. If you choose to engage in that conduct, in the future, and someone dies, as a result, do you understand that you could be charged with murder?" Appellant said yes.

## Violation of Probation

On May 9, 2024, appellant drove to an apartment complex to inquire about a rental. He was heavily intoxicated and someone called the police. Appellant left the area and then returned. He was contacted by officers, who observed subjective evidence of

intoxication. Appellant's blood-alcohol level was later determined to be 0.29 or 0.30 percent.[3]

On May 15, 2024, appellant appeared for arraignment on the alleged violation of probation for committing a new offense. The trial court revoked appellant's probation and remanded him into custody without bail.

## Case No. F24903515

On May 21, 2024, a felony complaint was filed in case No. F24903515 alleging appellant committed the following offenses on May 9, 2024: count 1, driving with a blood-alcohol level of 0.08 percent or higher (§ 23152, subd. (b)); count 2, driving under the influence of alcohol (§ 23152, subd. (a)); and count 3, misdemeanor driving while his license was suspended for a prior DUI conviction. (§ 14601.1, subd. (a)).

As to counts 1 and 2, it was further alleged appellant had a blood-alcohol content of 0.15 percent or higher (§ 23578); appellant had four prior DUI convictions within 10 years (§ 23550), based on one conviction in 2014, two in 2017, and the most recent one in 2022; and appellant had a prior DUI conviction within 10 years, in 2022 (§ 23550.5, subd. (a)) with one aggravating factor.

On May 23, 2024, appellant was arraigned on the new charges and pleaded not guilty. Appellant's counsel requested his release to a sobriety program. The prosecutor objected because this case marked appellant's fifth lifetime and second felony DUI charge, and his most recent DUI involved injuries. Appellant's blood-alcohol level in the new case was later determined to be 0.29 or 0.30 percent, he was a risk to public safety, and he was fortunate not to have killed anyone or himself. The trial court denied appellant's motion for release, ordered him to remain in custody, and set bond.

---

[3] The prosecutor stated the facts for the violation of probation and new charges at the May 23, 2024 arraignment on the new felony complaint in case No. F24903515.

### *Plea*

On July 24, 2024, appellant pleaded no contest to count 1, driving with a blood-alcohol level of 0.08 percent or higher, admitted the three enhancements, and stipulated his blood-alcohol level was 0.26 percent, for a two-year lid.

Appellant signed a change-of-plea form and initialed the following paragraph: "**If you continue to drive while under the influence of alcohol or drugs, or both, and, as a result of that driving, someone is killed, you can be charged with murder.** I understand the Court's warning that I can be charged with murder if I kill someone while driving under the influence of alcohol or drugs, or both."

### Sentencing

On August 21, 2024, the trial court held a sentencing hearing for both cases. The court stated it was very troubled by appellant's history of DUIs, and that he committed another DUI offense while on supervision.

The trial court formally revoked probation, declined reinstatement, and sentenced appellant to the lower term of two years in state prison in case No. F22901194, with a concurrent midterm of two years in case No. F24903515. The court revoked appellant's driving privileges (§ 13352, subd. (a)(7)), designated him as a habitual traffic offender for three years (§ 13350, subd. (b)), and ordered him to install an interlock ignition device in any car he owned for three years. (§ 23575.3, subd. (h)(1)(B)).

On August 22, 2024, appellant filed a timely notice of appeal.

### DISCUSSION

As noted above, appellate counsel filed a *Wende* brief with this court. The brief also includes counsel's declaration that appellant was advised he could file his own brief with this court. On December 30, 2024, this court advised appellant by letter that he could file a supplemental letter or brief raising any arguable issues. Appellant did not do so.

6.

After independent review of the record, we find no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.